IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL ACTION NO. PJM-00-424 |
| | CIVIL ACTION NO. PJM-07-2458 |
| ROBERT HENRY DAVIS, #36428-037 | : |
| | : |

**MEMORANDUM OPINION**

Before the Court are Robert Henry Davis' two pro se motions for relief from judgment pursuant to Fed. R. Civ P. 60(b)(4). The Court deems both motions properly construed pursuant to 28 U.S.C. §2255, and will dismiss them without prejudice by separate Order.

**I. Background**

On June 28, 2001, Davis was found guilty by a jury of one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute five kilograms or more of cocaine base in violation of 21 U.S.C. § 846(a). He was sentenced to life in prison.

The United States Court of Appeals for the Fourth Circuit affirmed Davis' conviction and sentence on appeal. *See United States v. Davis*, 67 Fed Appx. 771 (4th Cir. 2003). On October 6, 2003, the Supreme Court denied his petition for certiorari.

On October 4, 2004, Davis moved for an extension of time to file for federal habeas relief. On October 8, 2004, two days after the statutory period of limitations had elapsed but before the Court could rule on the Motion for Extension of Time, the Court received his 28 U.S.C. §2255 Motion to Vacate. The Court found the Motion untimely filed but elected to treat the Motion for Extension of Time as a §2255 motion and to address on the merits those arguments that were either asserted on grounds sufficiently specific and carried forward in the Motion to Vacate. *See Davis v. United States*,

Civil Action No. PJM-04-3291 (D. Md).    Of the fourteen claims asserted in the Motion to Extend Time, two were sufficiently stated and carried forward in the Motion to Vacate. The Court denied both claims on September 30, 2005.

On November 17, 2005, Davis filed a "Request for Application of the Unique Circumstances Doctrine, Relief from the Judgment and Adjudication on the Merits of All Issues," in which he argued that the Motion to Vacate was timely filed.  This Court agreed, finding that Davis had delivered the Motion to Vacate to prison officials prior to the October 6, 2004, deadline, so that it was timely under the "mailbox rule" recognized in *Houston v. Lack*, 487 U.S. 266, 270.   The Court then adjudicated two previously unaddressed claims on the merits.  In an Opinion dated October 27, 2006, the claims were denied.   Davis appealed that decision and it is before the Fourth Circuit.  *See United States v. Davis*, CA4-7-7311.  Electronic documents accessed through the Pacer system indicate that Davis recently filed a request to withdraw his notice of appeal.  On September 26, 2007, the Clerk for the Fourth Circuit notified the parties that they had fifteen days to indicate whether they wanted the appeal dismissed. *See id.*

**II. Analysis**

In the two motions now before this Court Davis seeks vacatur of his judgment as void for lack of subject matter jurisdiction. Davis contends: 1) two prior state drug convictions were improperly used to enhance his sentence; 2) the prosecution's filing of a 21 U.S.C. §851 information against him was improper; 3) the Court "violated 21 U.S.C. §851(b)" by failing to "personally inform Petitioner Davis that any challenge to an improper conviction which is not made before the sentence is imposed may not thereafter be raised to attack the sentence"; and 4) venue was improper.

Federal Rule of Civil Procedure 60(b)(4) provides that relief from judgment may be granted where the judgment is void.  A  Rule 60(b) motion "attacks, not the substance of the federal court's

resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In contrast, a motion that seeks to advance substantive claims qualifies as a "second or successive habeas petition." *See id; see also United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003) (explaining that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application...).

Further, relief under Rule 60(b)(4) is an extraordinary remedy. To the extent Davis disputes the propriety of venue, he fails to demonstrate why jurisdiction was lacking or extraordinary relief is warranted. "[W]hen deciding whether an order is "void under Civil Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a total usurpation of power. A court plainly usurps jurisdiction only when there is a total want of jurisdiction and there is no arguable basis on which it could have rested a finding that it had not jurisdiction." *United States v. Hartwell*, 448 F. 3d 707, 722 (4th Cir. 2006). Davis provides no basis for the award of extraordinary relief.

The instant motions clearly challenge the validity of the underlying conviction and are the equivalent of a second or successive §2255 petition. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling the subject matter of the motion and not petitioner's description determines its status). Before filing a second or successive motion in federal district court, a petitioner must first obtain authorization from the appropriate Court of Appeals. *See* 28 U.S.C. §§2244(a) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Where as here, a Motion for Relief from Judgment substantively addresses federal grounds for setting aside the conviction, it must be dismissed as a second or successive §2255 petition to prevent circumventing the procedural requirements for filing for appellate pre-authorization. *See* 28 U.S.C. §§2244(a) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). In this case, Davis neither claims nor does the record otherwise

3

demonstrate that he has obtained authorization to file a second or successive §2255 motion.[1]

Accordingly, the motions will be dismissed without prejudice.

### IV.  Conclusion

For the reasons stated herein, the Court will construe the motions pursuant to 28 U.S.C. §2255 and dismiss them without prejudice by separate Order.

October 2, 2007                                             /s/
                                                 PETER J. MESSITTE
                                     UNITED STATES DISTRICT JUDGE

---

[1] The Court will direct the Clerk to mail Davis an information packet for filing for pre-authorization for a second or successive §2255 motion.